IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHNNIE L. McCULLOUGH, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **4:06CV3050** |
| vs. ) | |
| ) | **ORDER** |
| JO ANNE B. BARNHART, ) | |
| COMMISSIONER OF THE SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| **Defendant.** ) | |

Plaintiff, through counsel, has filed an application to proceed in forma pauperis and an affidavit in support thereof (Filing 3). Plaintiff's documents indicate that he is now incarcerated in the State of Texas. Pursuant to the Prison Litigation Reform Act, a prisoner plaintiff is required to pay the full amount of the court's filing fee by making monthly payments to the court, even if the prisoner is proceeding IFP. In this regard, 28 U.S.C. § 1915 provides:

    (a) * * * (2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

    (b)(1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of–

>   (A)  the average monthly deposits to the prisoner's account;  or
>
>   (B)  the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
>   (2)  After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
>   (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action or an appeal of a civil action or criminal judgment.
>
>   (4) In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

Having conducted independent research, the court can find no exception to these requirements.

I find that the application should be provisionally granted pending the court's receipt of plaintiff's trust account statements.

**IT IS ORDERED** that plaintiff's MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Filing 3) is provisionally granted, as follows:

1. Plaintiff's complaint shall be filed without payment of fees. A final payment order will be entered in accordance with 28 U.S.C. 1915(b)(1) after the court receives plaintiff's trust account statement.

2. Pursuant to NECivR 3.3(b), the Clerk of the Court shall request a certified copy of plaintiff's trust account statements from the appropriate officer at plaintiff's institution. If such statements are not received by the Clerk within fourteen (14) days of such request, the failure of the institution to provide the requested trust account information shall be deemed a waiver of any objection by that institution or any related party to any action the court takes regarding payment, partial payment, or nonpayment of the filing fee

3. If requested to do so by plaintiff's attorney, the U.S. Marshal shall serve process in this case without prepayment of fees from the plaintiff or security therefor. In making such a request, plaintiff's counsel must complete the Marshal's Form 285, to be submitted to the Marshal with the completed summons forms and copies of the complaint.

4. This order is entered without prejudice to the court later entering an order taxing costs in this case. No one, including the plaintiff, is relieved by this order from the obligation to pay or to reimburse taxable costs after this action is over.

**DATED March 8, 2006.**

          **BY THE COURT:**

          **s/ F.A. Gossett**
          **United States Magistrate Judge**